IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

**HECTOR J BUZO ITURRONDO**

CASE NO. 20-03084 (ESL)

Chapter 7
ASSET CASE

## MOTION TO APPROVE SETTLEMENT AGREEMENT ON DISTRIBUTION OF CO-OWNED PROPERTY

**TO THE HONORABLE COURT:**

COMES NOW, the Chapter 7 Trustee Wigberto Lugo Mender of the above-referenced debtor, Hector J Buxo Iturrondo (the "**Debtor**") in this administered case (the "**Estate**") who hereby moves this court for entry of an order approving the terms of a settlement agreement for distribution of community property owned with **Mrs. Frances M Fernandez Lugo** (herein after **Mrs. Fernandez-Lugo)**. In support of the motion, the Chapter 7 Trustee states as follows:

### RECITALS

1. On August 5, 2020, Debtor filed a voluntary petition under Chapter 7 in the United States District Court for the District of Puerto Rico. On or around that same date, the undersigned was appointed as Chapter 7 Trustee for this bankruptcy estate. (See docket #1 and #5)

2. Mrs. Frances M Fernandez Lugo is Debtor's non-filing ex-spouse and appears in this Settlement Agreement as co-owner with the Debtor in the extinct conjugal partnership of three real properties as described in Debtor's bankruptcy schedules.

3. The Chapter 7 Trustee has informed Mrs. Fernandez Lugo as to his interest in pursuing the sale of at least one of the real properties for the benefit of the creditors of the bankruptcy estate named above this pursuant the provisions of 11 U.S.C. Section 363(h) and (j).

| | |
|---|---|
| MOTION TO APPROVE SETTLEMENT AGREEMENT ON DISTRIBUTION OF COMMUNITY PROPERTY | HECTOR J BUXO ITURRONDO CASE #20-03084 (ESL) PAGE #2 |

4.  Meanwhile, Mrs. Fernandez Lugo and Mr. Buxo Iturrondo, have been in negotiations to settle and resolve the contested issue of ownership of co-owned properties, specifically seeking the liquidation of the extinct conjugal partnership once existing among them at the least cost possible to both parties.

5.  The Chapter 7 Trustee, Mrs. Fernandez Lugo and the Debtor in this case desire to conclude and settle any and all property rights and claims that may exist among them in accordance with the terms and conditions of an settlement agreement which is enclosed herein for further consideration of the Honorable Court, creditors and other parties in interest.

6.  It is on account of this agreement reached by all parties participating in the State Court case having been duly negotiated and executed that the Chapter 7 Trustee seeks approval of the agreement which details all elements of the remedies against the properties listed in this bankruptcy case.

7.  Rule 9019 of the Federal Rules of Bankruptcy Procedure provides, in pertinent part, that "[o]n motion by the trustee and after notice and a hearing, the Court may approve a compromise or settlement." Local Rule 9019-1 also authorizes " settlement of any controversy that affects the estate." While the decision to approve a particular settlement lies within the sound discretion of the Bankruptcy Court, the Court should give deference to the business judgment of the debtor-in-possession. *See In re Neshaminy Office Bldg. Assoc.,* 62 B.R. 798, 803 (E.D. Pa. 1986); *In re Resorts Int'l, Inc.,* 145 B.R. 412, 451 (Bankr. D.N.J. 1990). In the present case, the settlement contained in the Stipulation is the product of an arm's length negotiation between the Chapter 7 Trustee, the Claimant and the Debtor.

8.  The Trustee believes that after full and careful consideration of the merits of this, settlement pursuant to the terms set forth herein would be in the best interest of the herein estate.

MOTION TO APPROVE SETTLEMENT AGREEMENT ON     HECTOR J BUXO ITURRONDO
DISTRIBUTION OF COMMUNITY PROPERTY     CASE #20-03084 (ESL)
PAGE #3

9. The Trustee submits that no party in interest will be prejudiced by the relief requested in the motion and entry of the Stipulation as an order of this Court.

### NOTICE TO PARTIES IN INTEREST

Within twenty-one (21) days after service as certified below, any party in interest who objects to the relief sought herein, shall be serve and file an objection or other appropriate response to this Stipulation with the Clerk's Office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the motion will be deemed unopposed and may be deemed automatically granted, unless: (1) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (3) in the opinion of the Court, the interests of justice require otherwise.

**WHEREFORE,** Wigberto Lugo, as Chapter 7 trustee of the bankruptcy estate of Hector J Buxo Iturrondo respectfully requests that the Court enters an Order: (a) approving the settlement contained in the Stipulation executed contemporaneously with the filing of this motion: (b) entering the Stipulation as an Order of the Court; and (c) finding notice of this Motion as set forth herein sufficient and appropriate.

RESPECTFULLY SUBMITTED.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY:** That on this same date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to and U.S. Trustee Office, (Monsita Lecaroz Arribas, Esq.) at ustpregion21.hr.ecf@usdoj.gov and to the participants appearing in said record.

**I HEREBY CERTIFY**: That on this same date a thru and exact copy of this document have been sent by first Class U.S. Mail to: **US Trustee Office** at Ochoa Building 500 Tanca Street Suite 301 Viejo San Juan San Juan, PR 00901; **Hector J Buxo Iturrondo (Debtor)** PO Box 6126, Loiza St Station, San Juan, PR 00914; **Homel Mercado Justiniano, Esq., (Attorney for Debtor)** 8

Calle Ramirez Silva, Ensanche Martinez, Mayaguez, PR 00680, and to all creditors and parties in interest as detailed in the attached master address list.

    RESPECTFULLY SUBMITTED

In Guaynabo, Puerto Rico this 20 day of October of 2022.

                        S/ Wigberto Lugo Mender
                        WIGBERTO LUGO MENDER
                        CHAPTER 7 TRUSTEE
                        100 Rd #165 Suite 501
                        Guaynabo, PR 00968-8052
                        Tel. (787) 707-0404
                        Fax (787) 707-0412
                        trustee@lugomender.com

Case:20-03084-ESL7 Doc#:30 Filed:10/20/22 Entered:10/20/22 16:32:01 Desc: Main
Document Page 4 of 13

## SETTLEMENT AGREEMENT

This SETTLEMENT AGREEMENT (the "**Agreement**"), dated as of October 20, 2022 (the "**Effective Date**"), is entered into by and between **Frances Magdielle Fernández Lugo** (hereinafter Mrs. Fernández Lugo) and **Héctor José Buxo Iturrondo** (hereinafter Debtor or Mr. Buxo Iturrondo), each represented by their corresponding legal counselors, jointly with Wigberto Lugo Mender, duly appointed Chapter 7 Trustee in the bankruptcy case captioned as Hector J Buxo Iturrondo, Case No. 20-03084 (ESL).

## RECITALS

**WHEREAS:** On August 5, 2020, Mr. Buxo Iturrondo filed a liquidation proceeding under Chapter 7 of the Bankruptcy Code (11 U.S.C. §1101 et seq.), before the Bankruptcy Court for the District of Puerto Rico. This bankruptcy case has been docketed as case number 20-03084 (ESL). Upon filing of this case, Wigberto Lugo Mender was appointed and continues serving as Chapter 7 Trustee of this estate.

**WHEREAS:** Mrs. Frances M Fernandez Lugo is Debtor's non-filing ex-spouse and appears in this Settlement Agreement as co-owner with the Debtor in the extinct conjugal partnership of three real properties as further described in the Spanish language as follows:

**Property 1:**

**Finca Número 18,615** al Folio 185 del Tomo 479 del Registro de la Propiedad de Caguas II.

> **PROPIEDAD HORIZONTAL: Apartamento número B-312:** Apartamento de dos niveles en el tercer piso del Edificio "B" del **CONDOMINIO PASEO DE GRAN VISTA,** en el Barrio Navarro del Municipio de Gurabo, Puerto Rico. **EL PRIMER NIVEL** tiene un área superficial de 1,503.77 pies cuadrados equivalentes a 139.70 metros cuadrados. Colinda: por el Norte, en dos alineaciones discontinuas que totalizan 38 pies con el espacio sobre el área verde que lo separa de área de estacionamiento y con el área de la escalera por donde tiene una puerta que desde el área de la sala-comedor da acceso al descanso de la escalera y desde ahí al exterior del edificio y a las áreas comunes; Sur, en 38 pies con el espacio sobre el área del patio de uso común limitado que lo separa de la verja que colinda con terrenos del

1

Municipio de Gurabo; Este, en 44 pies 8 pulgadas con el apartamento B-310; Oeste, en una alineación de 29 pies con el apartamento B-312 y en otra alineación de 18 pies 8 pulgadas con el área de la escalera. **EL SEGUNDO NIVEL,** al que se accede por una escalera interior de espiral desde el primer nivel, tiene un área interior techada de 187.96 pies cuadrados equivalentes a 17.46 metros cuadrados. Colinda: por el Norte, en 11 pies 98 pulgadas con el espacio sobre el área del patio de uso común limitado que lo separa de la verja que colinda con terreno del Municipio de Gurabo; por el Este, en 21 pies 6 pulgadas con el área del techo de uso común limitado; por el Oeste, en 23 pies 2 pulgadas con el segundo nivel del apartamento B-312. El primer nivel consta de sala-comedor, área de esta ("family área"), cocina, un closet para ropa de casa y otro para lavandería en el pasillo que da acceso al cuarto dormitorio principal con su baño y vestidor ("walk-in closet"), a otro baño y a dos cuartos dormitorios cada uno con un closet. El segundo nivel consta de salón de esta ("family room") y el área descubierta del techo del apartamento con un área total aproximada de 1,202.17739 pies cuadrados, equivalentes a 111.68 metros cuadrados, que es un elemento común de uso exclusivo de este apartamento. Le corresponde a este apartamento una participación de 1.8% en los gastos, ganancias y elementos comunes generales del inmueble y el uso exclusivo de las áreas de estacionamiento identificadas con los números 60 y 105. **Inscripción I ra.**

**Property 2:**

Finca Número **8,647** - al Folio 22 del Tomo 1,665 del Registro de la Propiedad de Caguas I.

Urbana: Solar marcado con el número 14 del Bloque "A" del plano de inscripción de la URBANIZACION REPARTO VILLA BLANCA radicada en el BARRIO BAIROA del término Municipal de Caguas, Puerto Rico, con un área superficial de 439.12 metros cuadrados. En lindes: por el Norte, en 29.445 metros con el solar número 13 del Bloque "A" del mencionado plano; por el Sur, en 29.105 metros con el solar número 15 del Bloque "A" del mencionado plano; por el Este, en 15.00 metros con el solar número 15 del Bloque "A" del mencionado plano, y por el Oeste, con la calle marginal de la Urbanización Villa Blanca. **Inscripción 1ra.**

**Property 3:**

Finca Número **17,538** - inscrito al folio #65 del tomo #456 de Gurabo, Caguas II

Urbana: Parcela de terreno localizada en el Barrio Navarro de Gurabo, identificada con el #791 en el plano de inscripción de la urbanización Veredas, con una cabida superficial de 627.00 metros cuadrados, equivalentes a .1595 cuerda, colindando por el NORTE, con la calle #59, por el SUR, con los solares #789 y #790, por el ESTE, con área verde que colinda con Vereda de los Cedros y por el OESTE, con el solar #792.

**WHEREAS:** That the three properties detailed above are affected by liens and encumbrances as this term is defined in 11 U.S.C. Section 506. That Property 1 is occupied by Mrs. Fernandez Lugo as her residential property; Property 2 is occupied and used by Mrs. Fernandez Lugo as her

2

commercial office and Property 3 is vacant.

**WHEREAS:** Prior to the filing of the bankruptcy petition, Mrs. Fernández Lugo filed at the Puerto Rico First Instance Court Caguas Superior Part a complaint for the liquidation of community property owned with the Debtor. This complaint has been docketed as case E DI2015-1012(502) at that Court and was desisted from by Ms. Fernández Lugo since 10/15/2016.

**WHEREAS:** Mrs. Fernández Lugo and Mr. Buxo Iturrondo have informed the Trustee as to their interest in liquidation through a private offer received for Property 3. The sales offer and estimated net proceeds of the transactions should yield no benefit to them nor to the appearing estate.

**WHEREAS:** The Chapter 7 Trustee has informed Mrs. Fernandez Lugo as to his interest in pursuing the sale of Property 2 for the benefit of the creditors of the bankruptcy estate named above this pursuant the provisions of 11 U.S.C. Section 363(h) and (j).

**WHEREAS:** Meanwhile, Mrs. Fernández Lugo and Mr. Buxo Iturrondo, have been in negotiations to settle and resolve the contested issued of ownership of co-owned properties, specifically seeking the liquidation of the extinct conjugal partnership once existing among them at the least cost possible to both parties.

**WHEREAS:** The Chapter 7 Trustee, Mrs. Fernández Lugo and the Debtor in this case desire to conclude and settle any and all property rights and claims that may exist among them in accordance with the terms and conditions of this Agreement.

**NOW, THEREFORE**, for valuable consideration, receipt of which is hereby acknowledged, and in consideration of the mutual premises and covenants contained herein, the parties agree as follows.

## TERMS AND CONDITIONS

1.  The Recitals made in the introductory part of this Agreement are incorporated and made part of the representations made by the parties in this section constituting the Terms and Conditions of this Agreement.

2.  <u>Liquidation and Distribution of Co-Owned Property</u>. Upon due consideration of the conditions and imminent litigation which will be required to liquidate the community property now pertaining to the Chapter 7 bankruptcy estate and administered by the Chapter 7 Trustee, Mrs. Fernández Lugo and Mr. Buxo Iturrondo have determined to liquidate and distribute among each other the personal and real property pertaining to the extinct conjugal partnership that existed among them by way of the following terms:

    a)  Mrs. Fernández Lugo and Mr. Buxo Iturrondo convey and agree to be the owners, in fee simple in fifty percentage (50%) each, of the three real properties identified as Properties 1, 2 and 3 above.

    b)  Mr. Buxo Iturrondo will convey, transfer and relinquish all his property rights and interest in the Real Properties identified as Property 1 and 2 to Mrs. Fernández Lugo. As a requisite for this transfer, the Chapter 7 Trustee will abandon pursuant the provisions of 11 U.S.C. Section 554 all property rights and interest over Property 1 and 2 this for the benefit of Mrs. Fernández Lugo, immediately upon the signing of this Agreement to avoid loss of an offer by the mortgage bank which expires on October 13, 2022 as to Property #1.

    c)  Due to the amount of the secured outstanding debt over Property #1, the ~~herein~~ estate has no expected equity for the benefit of creditors if this was to be sold. Ms. Fernández Lugo will continue negotiating with the mortgage bank to repay the debt that encumbers Property #1.

4

d) In addition, Ms. Fernández Lugo will pay the Chapter 7 Trustee the amount of $10,000.00 for debtor's interest in Property #2. Mrs. Fernández Lugo raised as a defense or argument to support her offer the fact that after the divorce on January 26, 2016, she continued paying all installments on the mortgage note encumbered the property, paid for extensive needed repairs after Hurricane Maria on the property and has paid the outstanding property taxes to Crim, and as such, the amount offered represents the parties estimated nuisance value for avoiding any further litigation.

e) As further consideration for this offer Ms. Fernández Lugo will waive any amounts due and that may be claimed against this bankruptcy estate including those included within Proof of Claim 2 filed on September 2, 2020 in the amount of $3,600.



f) Ms. Fernández Lugo will assume and continue to make the monthly mortgage payments on Property #2. Also, will be responsible for all expenses to transfer Property #1 and #2 under her ownership, these including, but are not limited to, stamps, registration, notarial fees and any real property taxes that may be due on these properties, which have been quoted by a Notary Public in the amount of $7,517 for costs, expenses and legal fees.

g) Regarding Property #2, Mr. Buxo Iturrondo agrees and consents to reduce its allowed claimed exemption over this Property from $5,283.00 to $2,500.00. Upon full payment of the $10,000.00 received from his interest in this property the Chapter 7 Trustee will pay the amount of **$2,500.00** in full settlement and satisfaction of the exempt value claimed over Property 2.

h) Regarding Property 3, the Chapter 7 Trustee will abandon this pursuant the provisions of 11 U.S.C. Section 554 and all property rights and interest over this dwelling will revert to Ms. Fernández Lugo and Mr. Buxo Iturrondo in order for them to continue with the sale proposal received and resolve the outstanding secured mortgage that encumbers

5

this property and deficiency, if any, will be charged off to Ms. Fernández Lugo if they do not settle with the mortgage bank with a short sale which may be lost if the properties are not promptly abandoned by the Trustee. Upon this sale transaction, those amounts claimed by FirstBank under Proof of Claim 3 in this case should be substantially reduced, if not paid in full.

i) Ms. Fernández Lugo and Mr. Buxo Iturrondo convey and agree that upon the transfers of the real properties described herein there are no other assets or property interests to be adjudicated among them upon the liquidation of extinct conjugal partnership once existing among them.

j) If upon distribution and full payment to all allowed creditors in this estate a surplus is determined, any excess funds will be distributed 50% to Ms. Fernández Lugo and 50% to Mr. Buxo Iturrondo.

3. Ms. Fernández Lugo and Mr. Buxo Iturrondo agree to execute any and all documents and deeds that may be required to complete those transfers of property as further detail in this agreement.

4. Each Party shall bear their own attorney fees and costs with respect to the transfer in their favor of any of the assets detailed in this agreement.

5. This Settlement Agreement is considered a final adjudication of any matter contained in the same and will have the immediate effect of *res judicata* for all the parties appearing to the Settlement Agreement.

6. This Agreement is the entire agreement between the parties with respect to the subject matter hereof and supersedes all prior and contemporaneous oral and written agreements and discussions. This Agreement may only be amended by an agreement in writing signed by all the parties to this Agreement. In the event of conflict between the terms in this Agreement and other

6

documents, the terms of this Agreement shall govern.

7. This Agreement may be executed by signatories hereto in separate counterparts. It shall be effective and executed when each party has signed and delivered a signed copied thereof to the attorneys of the parties. This Settlement signed agreement shall constitute one agreement, which shall be binding upon and effective as to all parties.

8. This Settlement Agreement shall subject to notice to all creditors and parties in interest and approval by the Bankruptcy Court presiding the herein Bankruptcy case.

This is the agreement executed by the appearing parties this day which is to be filed with the United States Bankruptcy Court for the Judicial District of Puerto Rico.

FRANCES M. FERNANDEZ LUGO                HECTOR J. BUXO ITURRONDO

s/ Wigberto Lugo Mender
WIGBERTO LUGO MENDER
CHAPTER 7 TRUSTEE FOR THE ESTATE 20-03084 (ESL)

Lyssette Morales Vidal, Esq                Homel Mercado Justiniano, Esq
Attorney for Frances M Fernandez Lugo      Attorney for Hector J Buxo Iturrondo

7

documents, the terms of this Agreement shall govern.

7. This Agreement may be executed by signatories hereto in separate counterparts. It shall be effective and executed when each party has signed and delivered a signed copied thereof to the attorneys of the parties. This Settlement signed agreement shall constitute one agreement, which shall be binding upon and effective as to all parties.

8. This Settlement Agreement shall subject to notice to all creditors and parties in interest and approval by the Bankruptcy Court presiding the herein Bankruptcy case.

This is the agreement executed by the appearing parties this day which is to be filed with the United States Bankruptcy Court for the Judicial District of Puerto Rico.

FRANCES M. FERNANDEZ LUGO             HECTOR J. BUXO ITURRONDO

*s/ Wigberto Lugo Mender*
WIGBERTO LUGO MENDER
CHAPTER 7 TRUSTEE FOR THE ESTATE 20-03084 (ESL)

Lyssette Morales Vidal, Esq             Homel Mercado Justiniano, Esq
Attorney for Frances M Fernandez Lugo   Attorney for Hector J Buxo Iturrondo

7

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0104-3<br>Case 20-03084-ESL7<br>District of Puerto Rico<br>Old San Juan<br>Thu Oct 20 16:17:22 AST 2022 | American Express National Bank<br>c/o Becket and Lee LLP<br>PO Box 3001<br>Malvern, PA 19355-0701 | BANCO POPULAR<br>PO BOX 9023593<br>SAN JUAN, PR 00902-3593 |
| FIRSTBANK PUERTO RICO<br>CO WENDELL W COLON LAW OFFICE<br>PO BOX 7970<br>PONCE, PR 00732-7970 | US Bankruptcy Court District of P.R.<br>Jose V Toledo Fed Bldg & US Courthouse<br>300 Recinto Sur Street, Room 109<br>San Juan, PR 00901-1964 | American Express<br>PO Box 47455<br>Jacksonville, FL 32247-7455 |
| BANCO POPULAR DE PUERTO RICO<br>BANKRUPTCY DEPARTMENT<br>PO BOX 366818<br>SAN JUAN PR 00936-6818 | Banana Republic<br>PO Box 530942<br>Atlanta, GA 30353-0942 | Banco Popular De Puerto Rico<br>PO Box 71375<br>San Juan, PR 00936-8475 |
| Banco Santander Of Puerto Rico<br>PO Box 362589<br>San Juan, PR 00936-2589 | CRIM<br>PO Box 195387<br>San Juan, PR 00919-5387 | Firstbank<br>PO Box 9146<br>San Juan, PR 00908-0146 |
| Frances M. Fernandez Lugo<br>Urb Villa Blanca<br>68 Calle Aquamarina<br>Caguas Puerto Rico 00725-1908 | MERCEDES-BENZ FINANCIAL SERVICES<br>PO BOX 961<br>Roanoke, TX 76262-0961 | Oriental Bank<br>PO Box 195115<br>San Juan, PR 00919-5115 |
| HECTOR JOSE III BUXO ITURRONDO<br>PO BOX 6126<br>LOIZA ST. STATION<br>SAN JUAN, PR 00914-6126 | HOMEL MERCADO JUSTINIANO<br>8 CALLE RAMIREZ SILVA<br>ENSANCHE   MARTINEZ<br>MAYAGUEZ, PR 00680 | MONSITA LECAROZ ARRIBAS<br>OFFICE OF THE US TRUSTEE (UST)<br>OCHOA BUILDING<br>500 TANCA STREET   SUITE 301<br>SAN JUAN, PR 00901 |
| WIGBERTO LUGO MENDER<br>Wigberto Lugo Mender, Cpa<br>CENTRO INTERNACIONAL DE MERCADEO<br>100 CARR 165  SUITE 501<br>GUAYNABO, PR 00968-8052 | | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | |
|---|---|
| (d)American Express National Bank<br>c/o Becket and Lee LLP<br>PO Box 3001<br>Malvern  PA 19355-0701 | End of Label Matrix<br>Mailable recipients    18<br>Bypassed recipients     1<br>Total                   19 |